**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 6, 2016

LETTER TO COUNSEL

RE:  *Trenton Ambush v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3966

Dear Counsel:

On December 28, 2015, Plaintiff Trenton Markelle Ambush petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Ambush's reply. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Ambush filed his claims in May, 2012, originally alleging a disability onset date of January 1, 2009.[1] (Tr. 177-87). His claims were denied initially and on reconsideration. (Tr. 69-82, 85-102). A hearing was held on March 26, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 33-68). Following the hearing, the ALJ determined that Mr. Ambush was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-32). The Appeals Council ("AC") denied Mr. Ambush's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Ambush suffered from the severe impairment of "Internal Knee Derangement." (Tr. 22). Despite this impairment, the ALJ determined that Mr. Ambush retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional climbing of ladders, ropes, scaffolds, stairs or ramps; occasional stooping, crouching, crawling or kneeling.

---

[1] At the hearing, Mr. Ambush amended his onset date to January 1, 2012. (Tr. 37-40).

*Trenton Ambush v. Commissioner, Social Security Administration*
Civil No. SAG-15-3966
December 6, 2016
Page 2

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Ambush could perform work existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 26).

Mr. Ambush raises several arguments on appeal, two of which are meritorious. First, the ALJ rested her RFC assessment that Mr. Ambush could perform "light work" on an assignment of "significant weight" to a November, 2012 opinion from a State agency consultant. (Tr. 25). However, upon my careful review of that opinion as directed, I note that the physician, Dr. Scovern, actually found that Mr. Ambush could perform "sedentary work." (Tr. 101). Although Dr. Scovern found that Mr. Ambush could stand and walk for four hours in a workday, (Tr. 99), that finding is less than the six hours required to perform the full range of light work. *See* SSR 83-10. The ALJ did not cite to any other evidence to support a light work finding, and did not restrict the range of light work to account for Mr. Ambush's lesser ability to stand and walk for a sustained period. Accordingly, remand is warranted so that the ALJ can provide substantial evidence to support her RFC assessment. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Mr. Ambush is not disabled is correct or incorrect.

Second, the ALJ repeatedly rejected the diagnosis of rheumatoid arthritis on the sole basis that Mr. Ambush's diagnosing and treating physician, Dr. Menocal, is a family doctor and not a rheumatologist. (Tr. 22, 25). Particularly in light of the evidence that Mr. Ambush's insurance did not permit him to see a rheumatologist, (Tr. 61), a more nuanced evaluation of the merits of Dr. Menocal's diagnosis was warranted. Moreover, if the ALJ believed Dr. Menocal incapable of evaluating Mr. Ambush for rheumatoid arthritis, she could have sought a consultative examination by a rheumatologist, rather than simply assuming that Mr. Ambush did not have the condition. On remand, the ALJ should provide an adequate evaluation of the diagnosis of rheumatoid arthritis and the opinions rendered by Dr. Menocal.

For the reasons set forth herein, Mr. Ambush's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. The Commissioner's judgment is REVERSED IN PART and REMANDED for further explanation pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                      Sincerely yours,

                                      /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge